FILED
 2014 Oct-20  PM 02:06
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TOBY KNOTT,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 7:14-cv-00193-CLS |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Toby Knott, commenced this action on February 3, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and the case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) failed to consider the testimony of Gary Wharton, a lay witness; (2) failed to consider the testimony of his independent vocational expert, John McKinney; (3) failed to include all of his impairments in the hypothetical question posed to the Commissioner's vocational expert during the administrative hearing; (4) improperly considered the opinion of his treating physician; and (5) made a credibility finding that was not supported by substantial evidence. He also asserts that the Appeals Council improperly considered new evidence submitted for the first time on appeal. Upon review of the record, the court concludes that claimant's fifth contention has merit.

Claimant asserts, among other things, that the ALJ incorrectly considered inconsistencies in his reports of daily activities when evaluating his credibility. The ALJ found that

> claimant has been inconsistent regarding daily living activities. He testified he was unable to perform household chores and had to lie down the most of the day.[*sic*] However, in his Function Reports, the claimant described activities of daily living which are not limited to the extent one would expect, given his complaints of debilitating back impairment, pain, medication side effects, and physical limitations. He reported he was able to maintain personal care and hygiene, prepare simple meals, perform household chores, shop, handle financial matters and follow

instructions . . . .[1]

It is generally appropriate for an ALJ to consider a claimant's reported daily activities when evaluating the claimant's credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's subjective complaints of pain). Even so, claimant asserts that the ALJ overstated the level of activities he included in his Function Report, and that the Function Report, when considered fairly, actually is not inconsistent with his hearing testimony. In the Function Report, claimant described his daily activities as follows:

> When I wake up in the morning, it is hard for me to get up. I have to stay in bed for approximately 2 hrs before I can get up due to pain and severe spasm in my back. Then I shower to get relief, eat and take my medicine. Watch TV sometime. Read or call a family or friend. Move around & about in the house. Repeat the same routine until it's time for bed.[2]

He indicated that he did not take care of any other people or animals in his home. He did not report any problems caring for his hair, shaving, or feeding himself, but it takes him longer to get dressed than it used to because he experiences pain when he bends over to put on shoes or pants. He also has to use a shower chair and toilet chair with a rail because bending and squatting cause him pain. Sometimes he is in so

---

[1] Tr. 18 (alteration and redaction supplied).
[2] Tr. 193.

much pain, or experiences such depression due to his condition, that he forgets to do things like grocery shop, prepare meals, and even eat.  He does not, however, need any reminders or assistance in taking his medication.  Claimant can prepare simple meals, like sandwiches or frozen dinners.  He can do household chores like washing dishes and tidying up twice a week, but it takes him most of the day.  He cannot do any outside chores, and he needs help with more involved household chores like vacuuming, dusting, laundry, and preparing complex meals.  He leaves the house once or twice a week, and he can travel and drive alone.  He can shop for food and personal items once a week for about one and a half hours, and he can manage his own finances.  He reads and watches television every day, but he can no longer do other activities he used to enjoy, like fishing and bowling.  He talks on the phone daily, but he rarely goes out for social reasons.  Claimant indicated that he can only lift ten to twenty pounds, and he can walk for only five to ten minutes before having to rest for another five to ten minutes.  He cannot squat, kneel, bend, stand, reach, or sit for more than thirty minutes at a time.  He cannot climb stairs, concentrate for more than thirty minutes to an hour, or complete many tasks.  He follows instructions and gets along well with authority figures, but he is not good at handling stress.  He has an unusual fear of falling due to pain in his back and leg.[3]

During the administrative hearing, claimant testified that he can drive.  He can

---

[3] Tr. 194-99.

cook, but he usually makes sandwiches because it is quicker. He can sometimes wash dishes, but other times he allows them to pile up for days if he is in pain. He cannot vacuum or iron. He can take clothes in and out of the washer and dryer, but he cannot change the sheets on his bed. He can sweep his kitchen floor because it is not a big room, but he does not mop. He occasionally cuts his grass a little at a time over a several-day period, but usually a friend does it for him. He does not do any gardening or car care. He reads periodically and watches a lot of television, but sometimes a sudden pain will prevent him from concentrating on an entire book or television program. He does not go to church, restaurants, or sporting events, and he does not participate in any other social activities. He uses a cane, but his doctor told him it was not necessary. In fact, the doctor told claimant that he should go without using the cane as much as possible, but claimant likes to use the cane anyway because he feels off balance.[4]  Claimant testified that he can only sit for five to ten minutes without experiencing pain, and he can sit for fifteen to thirty minutes at a time if he is allowed to move around in the chair for comfort. He can stand and walk for ten to fifteen minutes before needing to sit down. He cannot lift anything over twenty pounds, but he tries not to lift anything over ten pounds. He has problems bending, kneeling, crouching, and crawling due to pain, but he does not have any problems

---

[4] Tr. 43-47.

using his hands.[5] He has to lie down ten times or more during the day, for anywhere from fifteen to forty-five minutes at a time, to relieve his pain.[6]

This court agrees with claimant that there are not many inconsistencies between his Function Report and his hearing testimony. Accordingly, the ALJ's finding that claimant's inconsistent reports of his daily living activities negatively affected claimant's credibility was not supported by substantial evidence. Remand is warranted for further consideration of claimant's daily activities, and particularly whether claimant's testimony regarding pain and other limitations should be considered credible, in the absence of inconsistencies regarding claimant's reported daily activities.

In accordance with the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

DONE this 20th day of October, 2014.

_____
United States District Judge

---

[5] Tr. 50-52.
[6] Tr. 53, 56.